UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHELSEA GROTON BANK,<br><br>      Plaintiff,<br><br>   v.<br><br>JP MORGAN CHASE BANK<br><br>      Defendant. | Case No. _____ |

**NOTICE OF REMOVAL BY DEFENDANT JPMORGAN CHASE BANK, N.A.**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, JPMorgan Chase Bank, N.A. ("Chase"), incorrectly sued herein as "JP Morgan Chase Bank," hereby removes the above-captioned action, *Chelsea Groton Bank v. JP Morgan Chase Bank*, Case No. KNL-cv26-6080137-S (Conn. Supr. Ct. New London) (the "State Court Action"), from the Superior Court of the State of Connecticut Judicial District of New London at New London (the "State Court") to the United States District Court for the District of Connecticut.

Chase received a copy of Plaintiff Chelsea Groton Bank's ("Plaintiff") Summons and Complaint on December 22, 2025. Plaintiff filed the State Court Action on January 9, 2026.

Chase denies any liability to Plaintiff, including in connection with the contemplated claims, and files this Notice of Removal to federal court without waiving any defenses, exceptions, or arguments for motion practice and/or dismissal (whether under Rule 12 of the Federal Rules of Civil Procedure or otherwise) that may exist in its favor.[1]

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

1

**Procedural Background**

1.  On December 22, 2025, the Connecticut State Marshal served Chase with the Summons and Complaint (the "Complaint" or "Compl.") in the State Court Action. A true and correct copy of the Summons and Complaint filed in the State Court on January 9, 2026, is attached hereto as **Exhibit 1**. A true and correct copy of the Return of Service filed in the State Court Action on the same day is attached as **Exhibit 2**.

2.  The Summons, Complaint, and Return of Service are the only documents filed in the State Court Action at this time. A copy of the State Court Action docket as of the date of this Notice of Removal is attached hereto as **Exhibit 3**.

**The Complaint**

3.  Plaintiff alleges it is a Connecticut banking institution. (Compl. ¶ 1.) Plaintiff alleges that in June 2025, Plaintiff's customer mailed a check for $122,700 payable to the United States Treasury. (*Id.* at ¶¶ 3-5.) Plaintiff alleges that in August 2025, Plaintiff's customer notified Plaintiff that the check had been altered and the payee name changed to "The Cajun Trap Inc." (*Id.* at ¶ 6.)

4.  Plaintiff alleges that the check was negotiated at Chase and that Plaintiff paid the proceeds of the check to Chase. (*Id.* at ¶ 7, 12.) Plaintiff further alleges that the proceeds were deposited into an account held in the name of The Cajun Trap Inc. (*Id.* at ¶ 7.) Plaintiff alleges that Plaintiff's customer "did not make the check payable to The Cajun Trap Inc. and did not intend for the Cajun Trap Inc. to receive any of the proceeds of the check in question." (*Id.* at ¶ 11.)

5.  Plaintiff alleges that it has demanded reimbursement from Chase based on Plaintiff's assertions that the check was counterfeit and under "UCC section 3-417 and 4-208," but that Chase has denied or otherwise not responded to Plaintiff's demands. (*Id.* at ¶¶ 8-10.)

6. Plaintiff has brought a single claim against Chase pursuant to "the presentment and transfer warranties contained in the UCC." (*Id.* at ¶¶ 14-15.) Plaintiff seeks damages from Chase in "the entire amount of the check," $122,700, and "for interest on the full amount of the check" as well as costs, attorneys' fees and expenses. (*Id.*)

### Service on the State Court

7. As required by 28 U.S.C. § 1446(d), Chase will promptly notify the Clerk of the State Court of this Notice of Removal and serve a copy on all parties (*i.e.*, Plaintiff).[2]

### Venue

8. The State Court Action was filed in the Superior Court of the State of Connecticut Judicial District of New London at New London. Venue properly lies at this time in the United States District Court for Connecticut pursuant to 28 U.S.C. § 1441(a).

### Timeliness

9. As noted in paragraph 1 above, Chase first received a copy of the Complaint on December 22, 2025.

10. 28 U.S.C. § 1446(b)(1) requires removal of an action to federal court within thirty days "after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based . . . ." This Notice of Removal is timely filed because not more than thirty days have lapsed since Chase first received the Complaint on December 22, 2025. *See* 28 U.S.C. § 1446(b)(1).

---

[2] A true and correct copy of the Notice of Filing of Notice of Removal that will be filed with the State Court is annexed hereto as **Exhibit 4**.

3

**The Court Has Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332**

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, which grants federal courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States. . . ." 28 U.S.C. § 1332(a)(1). Both requirements are satisfied here because the matter in controversy exceeds the sum of $75,000 and complete diversity of citizenship exists between Plaintiff and Defendant.

*There is Diversity of Citizenship*

12. Plaintiff alleges it is a "Connecticut banking institution headquartered in Groton Connecticut." (Compl. ¶ 1.) Plaintiff is thus a citizen of Connecticut. *See* 28 U.S.C. § 1332(c)(1).

13. Under 28 U.S.C. § 1348, "all national banking associations," such as Chase, "shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." Further, "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt, et al.*, 546 U.S. 303, 307 (2006); *see Onewest Bank, N.A. v. Melina*, 827 F.3d 216, 216 (2d. Cir. 2016) ("for purposes of subject matter jurisdiction, a national bank is a citizen only of the state in which its main office is located").

14. Chase is, and was at the time the action was filed, a national banking association, organized under the laws of the United States, with its main office, as designated in its articles of association, in Columbus, Ohio. Accordingly, Chase is a citizen of Ohio for the purpose of diversity jurisdiction. *See, e.g., Beck v. Metro. Bank Holding Corp.*, 747 F. Supp. 3d 442, 452 (E.D.N.Y. 2024) ("[T]his Court has diversity jurisdiction over this action" because "at the time of removal, there was complete diversity between the parties because Chase was an Ohio citizen and

Beck was a New York citizen."); *Blackman v. JPMorgan Chase, N.A.,* No. 20-CV-5539, 2022 WL 970729, at *5 (E.D.N.Y. Mar. 31, 2022) ("Because Chase is a national banking association, it is a citizen of Ohio and thus diverse.").

15. Thus, because Plaintiff is a citizen of Connecticut, and Chase is not a citizen of Connecticut, there is there is complete diversity of citizenship between the parties. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (complete diversity exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant").

### *The Amount in Controversy Exceeds $75,000*

16. Plaintiff's amount in controversy exceeds $75,000. As discussed above, Plaintiff alleges a loss of $122,700.00 plus interest, costs, and attorneys fees. *See* Compl. ¶¶ 3, 9, 15.

### **No Admission of Liability**

17. By this filing, Chase does not admit any liability, does not concede the accuracy of Plaintiff's allegations or purported facts set forth in the Complaint, does not contend that the Complaint adequately pleads any cause of action, and does not concede that Plaintiff is entitled to any of the relief sought in the Complaint or any relief of any kind. Chase reserves all rights in responding to the Complaint.

[THIS SPACE LEFT INTENTIONALLY BLANK]

**Conclusion**

For the foregoing reasons, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1332 1441, and 1446.  Wherefore, the State Court Action is hereby removed to this Court from the Superior Court of the State of Connecticut Judicial District of New London at New London.

Dated: January 21, 2026
White Plains, New York

>   GREENBERG TRAURIG, LLP
>
>   By: */s/ Toby S. Soli*
>   Toby S. Soli (ct-18697)
>   One North Lexington Avenue, 8th Floor
>   White Plains, New York 10601
>   Tel.: (212) 801-9200
>   Fax: (2121) 801-6400
>   Email: solit@gtlaw.com
>   *Counsel for JPMorgan Chase Bank, N.A., incorrectly sued herein as JP Morgan Chase Bank*

**CERTIFICATION OF SERVICE**

I hereby certify that on January 21, 2026, a true and correct copy of the foregoing document was electronically filed with the Court and that counsel of record who are deemed to have consented to electronic service are being served via the Court's CM/ECF system.

A true and correct copy of the foregoing was also mailed via first class mail to:

Joseph V. Meaney, Esq.
Meaney Pavlick
125 Eugene O'Neill Drive, Suite 140
New London, CT 06320
jvm@meaneypavlick.com
*Counsel for Plaintiff*

>   */s/ Toby S. Soli*
>   Toby S. Soli